IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES KEVIN STATEN,           )
                              )
        Petitioner,           )
                              )
v.                            )        Case No. CIV-08-655-F
                              )
DAVID PARKER (WARDEN),        )
                              )
        Respondent.           )

## REPORT AND RECOMMENDATION

The Petitioner, Mr. James Staten, is a state inmate seeking a writ of habeas corpus.

The Court should deny the habeas petition.

I.      BACKGROUND

Upon conviction for assault and battery with a dangerous weapon,[1] Mr. Staten appealed[2] and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed.[3]  He filed an application for post-conviction relief, alleging in part that his trial attorney had been ineffective based on his:

- silence when the trial judge sustained a hearsay objection and

- failure to call trial witnesses.

---

[1]     *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (June 27, 2008).

[2]     Brief of Appellant, *Staten v. State*, Case No. F-2006-112 (Okla. Crim. App. Sept. 8, 2006).

[3]     Summary Opinion, *Staten v. State*, Case No. F-2006-112 (Okla. Crim. App. Aug. 28, 2007).

Application for Post-Conviction Relief at pp. 3-4, 9, *Staten v. State*, Case No. CF-2005-2428

(Okla. Co. Dist. Ct. Dec. 17, 2007).  The state district court denied the claims on the merits,[4]

and the OCCA affirmed.[5]  In affirming, the OCCA concluded that the ineffective assistance

of trial counsel claims had been waived.[6]

The present action followed, and Mr. Staten alleges that his trial counsel was

ineffective for failure to:

- pursue a theory of self-defense,

- obtain information from the Petitioner's brother regarding the case,

- engage in discovery,

- object upon entry of the Petitioner's mugshot into evidence,

- act when the State presented a photograph of the victim's injuries,

- object when the prosecutor allegedly "coached" the victim in his testimony,

- object when the State presented a "surprise" witness,

- object when the trial judge sustained an objection to the Petitioner's testimony as hearsay,

- object to the prosecutor's closing argument,

---

[4]     Order Denying Application for Post-Conviction Relief at p. 4, *Staten v. State*, Case No. CF-2005-2428 (Okla. Co. Dist. Ct. Mar. 5, 2008).

[5]     Order Affirming Denial of Application for Post Conviction Relief, *Staten v. State*, Case No. PC-2008-301 (Okla. Crim. App. Apr. 30, 2008).

[6]     Order Affirming Denial of Application for Post Conviction Relief at pp. 2-3, *Staten v. State*, Case No. PC-2008-301 (Okla. Crim App. Apr. 30, 2008).

2

- "build a defense," and

- call supporting witnesses.[7]

Mr. Staten also alleges:

- insufficient evidence for the conviction,

- lack of information regarding the nature of the charges,

- deprivation of due process and denial of defense rights,

- ineffective assistance of appellate counsel for failure to assert the claims regarding ineffective assistance of trial counsel in the direct appeal, improper pursuit of a self-defense theory, and assertion of false facts in the direct appeal brief, and

- missing trial transcripts.

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 18-20 (June 27, 2008); Ammendment [sic] to Habeas Corpus Petition (Sept. 17, 2008).

## II.    STANDARD FOR HABEAS RELIEF

The applicable standard turns on how the state appellate court had treated the underlying issue.  When the state appellate court had not addressed the merits, the federal district court exercises its independent judgment.  *See*, *e.g.*, *Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002).

If the OCCA did rule on the merits, the federal district court bears a "secondary and limited" role.  *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998).

---

[7]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 11, 13-19 (June 27, 2008); *see* Response to State's Motion to Dismiss at pp. 7, 9 (Sept. 17, 2008).

3

For example, a state court's determination of a factual issue triggers a narrow standard of review in two respects. First, the finding is presumptively correct, requiring the challenging party to respond with clear and convincing evidence. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(e)(1) (2000). Second, when factual allegations are involved, a federal court can grant habeas relief only if the state court had made "an unreasonable determination of the facts in light of the evidence presented." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(2) (2000).

The federal district court also engages in limited scrutiny of legal determinations when the state's highest court has addressed the merits. In these circumstances, the federal court considers only whether the state appeals court's conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1) (2000).

The threshold issue is whether federal law clearly establishes the constitutional protection underlying the Petitioner's claim. *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008) ("The absence of clearly established federal law is dispositive under § 2254(d)(1)."), *petition for cert. filed* (U.S. Oct. 14, 2008) (No. 08-7777). "[C]learly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must

4

have expressly extended the legal rule to that context." *Id.* at 1016-17 (footnote & citations omitted). For this purpose, Supreme Court holdings "must be construed narrowly and consist only of something akin to on-point holdings." *Id.* at 1015. In the absence of Supreme Court precedents, "a federal habeas court need not assess whether a state court's decision was 'contrary to' or involved an 'unreasonable application' of such law." *Id.* at 1017.

If the underlying constitutional right is clearly established, the federal district court must ask whether the state court decision was contrary to Supreme Court precedent.[8] These circumstances may exist when the state court had:

- applied a rule that conflicted with governing Supreme Court holdings or

- reached a conclusion different from the Supreme Court on materially indistinguishable facts.

*See Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) (citation omitted).

If these circumstances are absent, the federal district court must determine whether the state court decision involved an unreasonable application of Supreme Court precedents. *See supra* note 8. Application of Supreme Court precedent is considered "unreasonable" when the state court unreasonably extends, or refuses to extend, prior decisions. *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008), *petition for cert. filed* (U.S. Oct. 14, 2008) (No. 08-7777).

---

[8]  *See Hicks v. Franklin*, 546 F.3d 1279, 1283 (10th Cir. 2008) ("If there is clearly established federal law, we then consider whether the state court decision was contrary to or involved an unreasonable application of it." (citation omitted)).

The OCCA addressed the merits of the claims involving insufficient evidence and ineffective assistance of appellate counsel for improper assertion of a theory involving self-defense. *See infra* pp. 6, 8. Thus, the Court should exercise deference to the state court's determination on these issues. *See supra* pp. 4-5. For the remaining claims, however, the federal district court must exercise its independent judgment in light of the absence of a decision by the OCCA on the merits. *See supra* p. 3.

III.   SUFFICIENCY OF THE EVIDENCE

The evidence was sufficient for the conviction involving assault and battery with a dangerous weapon. The OCCA rejected this theory on direct appeal,[9] and the determination was reasonable.

When the sufficiency of evidence is challenged in a habeas action, the federal district court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This review is "sharply limited," and federal courts are not to weigh conflicting evidence or consider the credibility of witnesses. *See Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996). "The inquiry is based upon the entire record and the reasoning process actually used by the trier of fact, known or not, is not considered." *Torres v. Mullin*, 317 F. 3d 1145, 1151 (10th Cir. 2003) (citation omitted).

---

[9]   Summary Opinion, *Staten v. State*, Case No. F-2006-112 (Okla. Crim. App. Aug. 28, 2007).

The standard for sufficiency of the evidence "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson v. Virginia*, 443 U.S. 307, 324 & n.16 (1979). Therefore, the Court must consider Oklahoma law in connection with the habeas claim.

Under Oklahoma law, the State had to prove: (1) an assault, (2) upon another person, (3) with a dangerous weapon, (4) without justifiable or excusable cause, (5) with intent to do bodily harm. *See* Okla. Stat. tit. 21 § 645 (2001); OUJI-CR 4-12 (2d ed.). The OCCA reasonably concluded that the State had met its burden on these elements.

At trial, the victim testified that he:

- had been cut on the face by the Petitioner with a knife[10]

- without provocation.[11]

According to the investigating officer, Mr. Staten admitted that "he [had] pulled out a knife and cut the victim on his face" and had not mentioned any need for self-defense. Trial Transcript at p. 41. Mr. Staten confirmed that the assault had occurred, but insisted that he had acted in self-defense. *Id.* at pp. 61-63, 69-71, 76-77.[12] Based on the evidence presented,

---

[10]     Transcript of Proceedings at pp. 23-27, *State v. Staten*, Case No. CF-2005-2428 (Okla. Co. Dist. Ct. Jan. 10-11, 2006) ("Trial Transcript").

[11]     Trial Transcript at pp. 30-31.

[12]     Mr. Staten also contends that he had cut the victim on his arm rather than the face. Trial Transcript at p. 62. The distinction is immaterial for purposes of habeas review.

a rational juror could have found the essential elements of the crime.  As a result, the

OCCA's resolution of the claim did not constitute:

- an unreasonable determination of the facts in light of the evidence,

- a conflict with Supreme Court precedents, or

- an unreasonable application of Supreme Court decisions.

The habeas claim is invalid.

## IV.   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR IMPROPER PURSUIT OF A SELF-DEFENSE THEORY

Mr. Staten also alleges that his appellate attorney was ineffective for improper pursuit

of a self-defense theory.  *See supra* p. 3.[13]

The Petitioner raised this claim in the post-conviction appeal.  Brief of Appellant at

pp. 12-14, *Staten v. State*, Case No. F-2006-112 (Okla. Crim. App. Mar. 28, 2008).  The

OCCA rejected the claim, citing a lack of prejudice.  Order Affirming Denial of Application

for Post Conviction Relief at pp. 3-4, *Staten v. State*, Case No. PC-2008-301 (Okla. Crim.

App. Apr. 30, 2008).

---

[13]    Mr. Staten also alleges his appellate attorney was ineffective for:

- failure to assert claims concerning trial counsel's ineffectiveness and

- assertion of false facts in the direct appeal brief.

*See supra* p. 3.  But the Petitioner has procedurally defaulted on these claims, as addressed below.  *See infra* pp. 15-20.

Because the OCCA examined the merits of the claim, the federal district court can grant habeas relief only if the OCCA's decision was contrary to, or an unreasonable application of, clearly established federal law. *See supra* p. 4. The habeas claim is invalid under this test.

The United States Supreme Court has yet to consider a similar factual scenario. As a result, the OCCA's decision could not be contrary to, or an unreasonable application of, Supreme Court precedents. *See Crawley v. Dinwiddie*, 533 F.3d 1226, 1230-31 (10th Cir. 2008).

The same outcome would be appropriate even if the Court were to evaluate the reasonableness of appellate counsel's conduct under *Strickland v. Washington*, 466 U.S. 668 (1984).

To prove ineffective assistance of counsel under *Strickland*, a petitioner must show that the attorney's performance was constitutionally deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 690-91 (1984). "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The OCCA found a lack of prejudice[14] and this determination was reasonable.

A different appellate result appears improbable because the Petitioner's theory at trial was that he had acted in self-defense. For example, Mr. Staten testified that he had hit the

---

[14]      *See supra* p. 8.

victim with a knife in an effort to block him when he began swinging.  Trial Transcript at pp.

62-64, 69-71.  One exchange was:

> Q.    Mr. Staten, you swung the knife after Mr. Fowler swung his fist at you first?
>
> A.    Yes.
>
> Q.    And at that time did you believe you were in danger?
>
> A.    Yeah.
>
> Q.    Did you believe you were protecting yourself?
>
> A.    Yeah.

Trial Transcript at pp. 76-77.  And in opening statement and closing argument, Mr. Staten's

attorney presented a theory of self-defense.  For example, in opening statement, the attorney

told the jury that it would see "that [Mr. Staten] was protecting himself . . . ."  *Id.* at p. 17.

And in closing argument, the attorney stated:  "What was he supposed to do, just stand there

when somebody is attacking him?  He didn't swing first, Mr. Fowler swung first."  *Id.* at

p. 97.  In light of this record, the federal district court could not reasonably have expected the

OCCA to reach a different result if Mr. Staten's appellate attorney had chosen to describe the

altercation as something other than self-defense.

Ultimately, the Petitioner cannot explain how his appellate attorney could have

presented her arguments without reference to a self-defense theory.  One of her appellate

contentions was that the evidence of guilt was insufficient for a conviction because the State

had failed to disprove the self-defense theory beyond a reasonable doubt.  Brief of Appellant

at pp. 8-11, *Staten v. State*, Case No. F-2006-112 (Okla. Crim. App. Sept. 8, 2006).  The attorney could not have presented this theory without reference to the self-defense theory.

Even if the attorney had presented the argument differently, the phrasing would have been immaterial.  The OCCA ultimately concluded that the State had presented enough evidence for a conviction.[15]  This conclusion was inevitable regardless of whether the appellate attorney had referred to Mr. Staten's trial theory of self-defense.  As a result, the OCCA acted reasonably when it held that the alleged mishandling of the self-defense theory was not prejudicial.  *See supra* pp. 8, 10.

## V.    INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIMS: FAILURE TO RESPOND TO A HEARSAY OBJECTION AND CALL WITNESSES

In part, Mr. Staten argues that his trial counsel was ineffective for failure to:

---

[15]    As noted in the text, Mr. Staten's attorney argued on direct appeal that the evidence was insufficient to sustain the conviction for assault and battery with a dangerous weapon because the State had failed to disprove the theory of self-defense.  Brief of Appellant, *Staten v. State*, Case No. F-2006-112 (Okla. Crim. App. Sept. 8, 2006); *see supra* pp. 10-11.  The OCCA rejected this argument because it believed that the evidence was sufficient to convict:

> The evidence in this case was sufficient for a rational juror to have found the essential elements of the crime of assault and battery with a dangerous weapon beyond a reasonable doubt.  Furthermore, the question of whether a defendant charged with assault and battery with a dangerous weapon was acting in self-defense is a jury question.  "[T]his Court will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."  The question of self-defense in this instance was clearly a question of disputed fact that hung on the credibility of witnesses.  The jury heard the testimony of Staten and the victim and obviously chose to believe the victim.  To the extent the jury believed the victim's testimony, that testimony in itself was sufficient to show Staten did not act in self-defense.

Summary Opinion at pp. 2-3, *Staten v. State*, Case No. F-2006-112 (Okla. Crim. App. Aug. 28, 2007) (citations omitted).

- respond when the judge sustained a hearsay objection and

- call witnesses for the defense.[16]

The Court should reject these claims because Mr. Staten has failed to demonstrate prejudice.[17] *See supra* p. 9 (discussion of the standard under *Strickland v. Washington* for ineffective assistance of counsel).

A.     Lack of Prejudice in the Alleged Failure to Respond to the Hearsay Objection

Mr. Staten believes that his trial attorney should have responded when the judge sustained a hearsay objection. *See supra* pp. 2-3, 11-12.  In response, Mr. Parker quotes a portion of the trial transcript concerning the Petitioner's claim.  Response to Petition for Writ of Habeas Corpus at pp. 14-15 (Sept. 3, 2008).  The Petitioner argues that the relevant portion of the trial transcript is missing from the record.  Response to State's Motion to Dismiss at pp. 6-7 (Sept. 17, 2008); *see supra* p. 3.

According to Mr. Staten, his testimony should have been allowed under an exception to the hearsay rule.  Response to State's Motion to Dismiss at p. 6 (Sept. 17, 2008).  But the Petitioner does not disclose the nature of the testimony, preventing the Court from being able

---

[16]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 17, 19 (June 27, 2008); Response to State's Motion to Dismiss at pp. 6-7 (Sept. 17, 2008); *see supra* pp. 2-3.

[17]     Mr. Parker argues that these claims are subject to procedural default.  Response to Petition for Writ of Habeas Corpus at pp. 4-13 (Sept. 3, 2008).  The Court need not address the issue of procedural default on these claims because they are invalid on the merits. *See Miller v. Mullin*, 354 F.3d 1288, 1297 (10th Cir. 2004) (*per curiam*) (declining to address issues involving procedural default "[i]n the interest of judicial economy" "'because the case may be more easily and succinctly affirmed on the merits'" (citations omitted)).

to determine whether the Petitioner's trial counsel should have invoked an exception to the hearsay rule.[18] Without this information, the Court cannot determine whether:

- Mr. Staten's attorney should have asserted an exception to the hearsay rule,

- the testimony would have been allowed, or

- the testimony could have altered the outcome.

The Sixth Circuit Court of Appeals addressed a similar claim in *Scott v. Elo*, 302 F.3d 598 (6th Cir. 2002). In *Scott*, the petitioner alleged a deprivation of due process because a portion of the trial had not been transcribed. *See Scott v. Elo*, 302 F.3d at 604. The petitioner did not offer the substance of the missing transcript, but speculated about what might have been said. *See id.* at 605. The petitioner's failure to identify the substance of the missing transcript was fatal. The court stated: "'Although this court recognizes the difficulty in demonstrating prejudice where the transcripts are missing, petitioner must present something more than gross speculation that the transcripts were requisite to a fair appeal.'" *Id.* (quoting *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986)).

---

[18] In the application for post-conviction relief, the Petitioner argued that the thwarted testimony should have been allowed under Okla. Stat. tit. 12 § 2803(1). Application for Post-Conviction Relief at pp. 4-5, *Staten v. State*, Case No. CF-2005-2428 (Okla. Co. Dist. Ct. Dec. 17, 2007). This law addresses testimony that describes events in existence when the declarant was perceiving the event or immediately thereafter. *See* Okla. Stat. tit. 12 § 2803(1) (2001). But Mr. Staten has not identified the omitted testimony. *See supra* text accompanying note. In the post-conviction application, Mr. Staten stated only that he had wanted to repeat statements by others "about the actual assailant or the actual assault." Application for Post-Conviction Relief at p. 4, *Staten v. State*, Case No. CF-2005-2428 (Okla. Co. Dist. Ct. Dec. 17, 2007).

*Scott v. Elo* is instructive.   Mr. Staten claims that the prosecutor had objected to testimony about statements by two other men "about the actual assailant and the actual assault," which the Petitioner claims is "clearly a Hearsay exception."   Response to State's Motion to Dismiss at p. 6 (Sept. 17, 2008).   But the Petitioner fails to identify what the two men had stated about the actual assailant or the assault.   The omission prevents anyone from making a meaningful determination on the admissibility of the statements, the potential merit of an objection, or the materiality of the out-of-court statements.   In light of the failure to show prejudice, the Court should reject Mr. Staten's claim that his attorney was ineffective for failure to invoke an exception to the hearsay rule.

B.      <u>Lack of Prejudice in the Alleged Failure to Call Witnesses</u>

Mr. Staten also alleges that his trial attorney was ineffective for failure to call witnesses.   Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 6, 13 (June 27, 2008); Response to State's Motion to Dismiss at p. 7 (Sept.

17, 2008); *see supra* pp. 2-3.[19]  But the Petitioner has not disclosed the expected testimony.[20]
The omission is fatal to the habeas claim.

"When an ineffective assistance claim centers on a failure to investigate and elicit
testimony from witnesses, the petitioner must 'demonstrate, with some precision, the content
of the testimony they would have given at trial.'"  *Martinez v. Tafoya*, 13 Fed. Appx. 873,
877 (10th Cir. July 17, 2001) (unpublished op.) (quoting *Lawrence v. Armontrout*, 900 F.2d
127, 130 (8th Cir. 1990)).   The Petitioner's claim regarding missing witnesses involves
conjecture, as Mr. Staten has not provided any evidence regarding the expected testimony.[21]
As a result, the trial attorney was not ineffective for failure to call the witnesses.

## VI.   THE REMAINING CLAIMS: PROCEDURAL DEFAULT

For the remaining claims, Mr. Staten alleges:

---

[19]     Mr. Staten apparently believes that his attorney should have presented testimony by J.
Crawford, Craig Files, Parker Mitchell, George Jacobs, Louis Owens, and Troy Staten.  Petition
Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 6, 13 (June
27, 2008); Response to State's Motion to Dismiss at p. 7 (Sept. 17, 2008); *see* Application for Post-
Conviction Relief at pp. 9-10, *Staten v. State*, Case No. CF-2005-2428 (Okla. Co. Dist. Ct. Dec. 17,
2007).

[20]     *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody
at p. 12 (June 27, 2008) ("witnesses Mitchell, Jacobs, Owens and officers Crawford and Files were
all a mystery"); Response to State's Motion to Dismiss at p. 7 (Sept. 17, 2008) (stating that the
Petitioner did not know the content of the statements by the alleged "missing witnesses").

[21]     *See Moore v. Reynolds*, 153 F.3d 1086, 1112 (10th Cir. 1998) (rejecting a habeas claim
involving the trial court's failure to appoint experts when the "arguments as to what the requested
experts might have said [were] entirely speculative"); *see also Tafoya v. Tansy*, 9 Fed. Appx. 862,
871 (10th Cir. May 24, 2001) (unpublished op.) (the petitioner's "'[s]peculation about what an
expert could have said is not enough to establish prejudice [for purposes of demonstrating
ineffective assistance of counsel]'" (citation omitted)).

- ineffective assistance of trial counsel for failure to pursue a theory of self-defense, obtain information from the Petitioner's brother, engage in discovery, object to entry of a mugshot into evidence, object when the State presented a photograph of the victim's injuries, object to "coaching" of the victim, object to the use of a surprise witness, object when the judge sustained a hearsay objection, object to the prosecutor's closing argument, or build a defense,

- insufficient disclosure regarding the nature of the charges,

- deprivation of due process and defense rights,

- ineffective assistance of appellate counsel for failure to assert the claims regarding ineffective assistance of trial counsel and assertion of false facts in the direct appeal brief, and

- missing trial transcripts.

*See supra* pp. 2-3.  Among these claims, the Respondent addresses only the alleged lack of trial transcripts.[22]  The Court should reject all of these claims based on procedural default.[23]

A.    Exhaustion of State Court Remedies

State prisoners must ordinarily exhaust all available state court remedies before pursuit of habeas relief.  *See* 28 U.S.C. § 2254(b)(1) (2000).  For exhaustion, the inmate must

---

[22]    The Respondent addresses the amendment of the petition, characterizing the additional claim as an argument that the Petitioner would have obtained a new trial if his appellate attorney had raised related claims on direct appeal.  Response to Amended Petition for Writ of Habeas Corpus (Oct. 1, 2008).  This interpretation is incorrect, as the Petitioner's amendment did not mention a new trial.

[23]    On the claims ignored by the Respondent, the Court can address the issue of procedural default *sua sponte*.  The Tenth Circuit Court of Appeals has explained: "[T]he state procedural default doctrine substantially implicates important values that transcend the concerns of the parties to an action."  *Hardiman v. Reynolds*, 971 F.2d 500, 503 (10th Cir. 1992).  Thus, "a federal habeas court can always raise procedural bar *sua sponte*."  *Romano v. Gibson*, 239 F.3d 1156, 1168 (10th Cir. 2001) (citations omitted); *see Hardiman v. Reynolds*, 971 F.2d at 504-505 (holding that the court can raise the state procedural bar defense *sua sponte* when the parties fail to address the issue); *see also Odum v. Boone*, 62 F.3d 327, 329-30 (10th Cir. 1995) (stating that the respondents' failure to raise a procedural bar does not prevent *sua sponte* consideration).

"fairly present[]" the issue to the state courts. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

Mr. Staten did not assert any of the remaining claims in state court.[24]  Consequently, these allegations would ordinarily be considered unexhausted.[25]

B.      Procedural Default

Although the allegations would ordinarily be considered unexhausted, return to state court would be futile because Mr. Staten has already filed an application for post-conviction relief which excluded the present claims. *See supra* pp. 1-2.  If Mr. Staten returned to state

---

[24]      *See* Brief of Appellant, *passim*, *Staten v. State*, Case No. F-2006-112 (Okla. Crim. App. Sept. 8, 2006); Application for Post-Conviction Relief, *passim*, *Staten v. State*, Case No. CF-2005-2428 (Okla. Co. Dist. Ct. Dec. 17, 2007).

[25]      The Respondent conceded exhaustion of state court remedies on the habeas claims. Response to Petition for Writ of Habeas Corpus at p. 2 (Sept. 3, 2008).  But the Respondent did not acknowledge the existence of habeas claims involving:

- ineffective assistance of trial counsel for failure to pursue a theory of self-defense, obtain information from the Petitioner's brother, engage in discovery, object to entry of a mugshot into evidence, act when the State presented a photograph of the victim's injuries, object to "coaching" of the victim, object to introduction of a surprise witness, object when the judge sustained a hearsay objection, object to the prosecutor's closing argument, or build a defense,

- insufficient disclosure regarding the nature of the charges,

- deprivation of due process and defense rights, and

- ineffective assistance of appellate counsel for failure to assert the claims involving ineffective assistance of trial counsel and assertion of false facts in the direct appeal brief.

*Id.* at pp. 2-3; *see supra* p. 16.

court and presented the new theories in a second application for post-conviction relief, the

appellate court would inevitably deem the claims waived.[26]

Likewise, the Petitioner has already asserted ineffective assistance of trial counsel in

state court.  Application for Post-Conviction Relief at pp. 3, 9, *Staten v. State*, Case No. CF-

2005-2428 (Okla. Co. Dist. Ct. Dec. 17, 2007); *see supra* pp. 1-2.  If he attempted to raise

an additional ineffective assistance claim based on a new theory, the state court would reject

the claim as *res judicata*.[27]

If the procedural bars involved independent and adequate state procedural grounds,

habeas relief would be unavailable.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 & 750

(1991).  As discussed above, the procedural bars involved a failure to present the pertinent

habeas claims in the post-conviction application, triggering waiver and *res judicata*.  *See*

*supra* pp. 17-18.  These principles are independent and adequate.[28]

To overcome the procedural default, Mr. Staten must show either:

---

[26]     *See* Order Affirming Denial of Application for Post Conviction Relief, *Staten v. State*, Case
No. PC-2008-301 (Okla. Crim App. Apr. 30, 2008) (explaining that claims raised in Mr. Staten's
application for post-conviction relief were deemed waived because they had not been raised in the
direct appeal); *see also* Okla. Stat. tit. 22 § 1086 (2001) (stating that claims must be raised in the first
application for post-conviction relief in the absence of a "sufficient reason" for the omission).

[27]     *See Hooks v. State*, 902 P.2d 1120, 1122 n.4 (Okla. Crim. App. 1995) ("[The OCCA will]
consider this issue-and all instances of trial counsel ineffectiveness which could have been raised
but were not-res judicata for purposes of . . . post-conviction appeal.").

[28]     *See Moore v. Reynolds*, 153 F.3d 1086, 1097 (10th Cir. 1998) (*res judicata* was considered
independent and adequate when the petitioner had failed to present the claim in the first post-
conviction application); *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (*res judicata*
and waiver are considered "independent and adequate" grounds of procedural default when a
petitioner had failed to assert the claims in his first post-conviction application).

- cause and prejudice for the default or

- a fundamental miscarriage of justice absent consideration of the claims.

*See Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998).  The Petitioner does not justify either exception.

First, Mr. Staten does not present any explanation for his failure to raise the claims in his prior application for post-conviction relief.[29]

Second, Mr. Staten has not shown a fundamental miscarriage of justice.  This exception requires supplementation of a "constitutional claim with a colorable showing of factual innocence."  *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir. 1994) (citations omitted).  Throughout the habeas petition, Mr. Staten claims that his brother and an unknown assailant had caused the injuries underlying the conviction.[30]  Nonetheless, Mr. Staten admits

---

[29]  In his amendment to the habeas petition, Mr. Staten alleges that portions of the trial transcript which relate to some of his habeas claims are missing and "don't actually exist on paper." Ammendment [sic] to Habeas Corpus Petition at p. 1 (Sept. 17, 2008).  The Petitioner goes on to state that his "appellate lawyer never had knowledge of [the issues]," presumably because the related transcripts were missing.  *Id.*; *see* Response to State's Motion to Dismiss at p. 6 (Sept. 17, 2008). Nonetheless, Mr. Staten alleges that he has "appealed [the issues] for years."  Ammendment [sic] to Habeas Corpus Petition at p. 1 (Sept. 17, 2008).  According to the Petitioner, the issues involve: (1) questions to the victim regarding the arm used in the alleged attack, (2) questioning about "one swing, one blade, one weapon, but two injuries," and (3) termination of testimony on grounds of hearsay.  *Id.*  Mr. Staten does not say what the missing portions of the transcript would have revealed.  Without such knowledge, the Court cannot conclude that Mr. Staten has presented cause for the procedural default.  *See supra* p. 13 (discussion of *Scott v. Elo*).

[30]  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 8, 16, 18 (June 27, 2008) (stating that a "lone bystander" had hit the victim on his face with a  strip of plywood which had a nail sticking out from it); *id.* at p. 10 (describing the "actual assailant" as a "lone bystander"); *id.* at p. 11 (stating that the victim had been assaulted prior to the incident with the Petitioner); *id.* at pp. 12, 16-18 (stating that the Petitioner's brother had sliced the victim's chin).

that he had cut the victim in self-defense.[31]   In light of this admission, Mr. Staten's

allegations of self-defense suggest only legal innocence and are insufficient to overcome the

procedural default.[32]

Because Mr. Staten has not shown cause or a fundamental miscarriage of justice, the

claims are procedurally defaulted and the Court should decline to reach the merits.

VII.   RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should:

- reject the habeas claims involving insufficient evidence, ineffective assistance of appellate counsel for improper assertion of a self-defense theory, and ineffective assistance of trial counsel involving a failure to invoke a hearsay exception and call witnesses and

- conclude that the remaining habeas claims are procedurally barred.

The Petitioner can object to this report and recommendation.  To do so, Mr. Staten

must file an objection with the Clerk of this Court.  The deadline for objections is February

---

[31]   Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 9, 11, 16 (June 27, 2008); Response to State's Motion to Dismiss at p. 4 (Sept. 17, 2008).

[32]   *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000); *see also Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002) (stating that an argument of justification based on self-defense involves legal innocence rather than factual innocence); *accord Short v. Jones*, 246 Fed. Appx. 586, 591 (10th Cir. Aug. 31, 2007) (unpublished op.) ("a self defense claim invokes the defendant's legal-not factual-innocence"); *Brown v. Gibson*, 7 Fed. Appx. 894, 906 (10th Cir. Apr. 12, 2001) (unpublished op.) (stating that a claim of self-defense involves "legal, not factual, innocence" (citation omitted)).

23, 2009.  *See* W.D. Okla. LCvR 72.1.  The failure to timely object would foreclose appellate review of the suggested rulings.[33]

VIII.   STATUS OF THE REFERRAL

The referral is terminated.

Entered this 3rd day of February, 2009.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge

---

[33]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").